# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CHAMBERS OF MARK FALK**
**CHIEF MAGISTRATE JUDGE**

**USPO & COURTHOUSE**
**1 FEDERAL SQ., ROOM 457**
**NEWARK, NJ 07101**
**(973) 645-3110**

## LETTER OPINION & ORDER

February 8, 2021

Lisa Causey Streete, Esq.
Salim-Beasley, LLC
1901 Texas Street
Natchitoches, LA 71457
*Attorney for Plaintiff,*
*Latiese Mills*

Caroline Power, Esq.
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
*Attorney for Defendants,*
*Atrium Medical Corporation &*
*Maquet Cardiovascular, LLC*

### Re: Mills v. Ethicon, Inc., *et al*.
### Civ. A. No. 17-12624 (KM)

Dear Counsel:

This is a products liability case relating to Plaintiff's claim that Defendants have manufactured, marketed, and sold a defective hernia mesh product. Before the Court is Defendants' letter application seeking leave to file amended answers that add an affirmative defense. (*See* Letter dated November 12, 2020.) Plaintiff opposes the application, contending it is both futile and delayed. (*See* Letter dated November 18, 2020.) No oral argument is necessary. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, Defendants' letter motion is **GRANTED**.

**The Application to Amend**

Plaintiff claims that her product liability action is based on a surgery she endured on November 30, 2015.  (Compl., ¶ 37.)  However, prior to that, in 2013, Plaintiff had a different procedure that resulted in a medical malpractice lawsuit, apparently against different defendants.  The current Complaint mentions and discusses both procedures.  (Compl., ¶¶ 36, 37, 39.)

In 2015, it appears Plaintiff resolved the medical malpractice lawsuit by executing a settlement agreement/release.  In October 2020, Defendants obtained the release in response to a third-party subpoena served in discovery in this case.  It is now Defendants' contention that the release bars Plaintiff's current products liability claim.  In general terms, Defendants contend that Plaintiff's testimony in this case reflects her belief that the mesh at issue caused the injury in 2013 case, and executing the release amounted to a release of any product liability claims.  As a result, Defendants seek leave to amend their answers to include an additional affirmative defense.

Plaintiff opposes leave to amend, primarily contending the amendment is futile.  She claims that the 2015 release has nothing to do with the claims in this case.  Moreover, she states that she did not have knowledge of the product liability issues at the time she signed the release and, therefore, could not have effectively released them; and that, under her version of the facts, the products liability claims in this case did not even accrue until 2017.

**Legal Standard**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend its pleading at any point prior to trial "only with the opposing party's written consent or the court's leave."  Leave should be freely given by the Court "when justice so requires."  *Id.*  This mandate encompasses a broad range of equitable factors.  *Arthur v. Maersk, Inc.,* 434 F.3d 196, 203 (3d Cir. 2006) (citations omitted).  A court will consider whether the delay in seeking amendment is undue, motivated by bad faith, prejudicial, or if it would ultimately be futile. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1964).  The decision to grant leave rests in the sound discretion of the Court.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971).

Where, as here, the opposition to amendment is based on futility, the amendment will not be permitted if it would not survive a Rule 12(b)(6) motion.

2

*See Massarsky v. Gen Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).  However, although Rule 15 futility closely tracks Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims.  As it has been described:

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. <u>This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense</u>; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc*., 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).  Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ."  *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013).

## <u>Decision</u>

Defendants' motion to amend is **GRANTED**.

<u>**First**</u>, the amendment is not futile.  It is clear the parties have a disagreement about the scope of the claims arising from the two procedures; what claims accrued when; and whether this release could plausibly encompass the product liability claim in this case.  Plaintiff may be correct that the product liability claim did not accrue until 2017 and the 2015 release is meaningless.  However, that does not mean Defendants' request to add an affirmative defense relating to the release is futile.  The Complaint certainly mentions both procedures, and Defendants claim that Plaintiff's testimony supports that the product liability claim was waived in 2015.  It is not for this Court to evaluate and decide that issue in the context of a motion to amend.  In the context of Rule 15, the Court is concerned with excluding patently frivolous claims.  Defendants' proposed affirmative defense does not rise to that level.  Therefore, it is not futile, and the amendment will be allowed.

<u>**Second**</u>, there is no undue delay.  Plaintiff's opposition letter claims the motion is delayed because the scheduling order deadline to amend pleadings was in April 2020.  The Court does not believe delay is a serious issue in this case.

"Delay alone ... is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,* 537 F.2d 820, 823 (3d Cir. 1978); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 184) (district court erred in not permitting amendment 10 years after original complaint was filed when there was no demonstrated prejudice).  Defendants received the release on October 28, 2020, during the discovery period, in response to a third-party subpoena.  They raised their request to amend on November 12, 2020.   That is not undue delay.  Moreover, the receipt of the subpoena response on October 28 constitutes sufficient "good cause," pursuant to Federal Rule of Civil Procedure 16(b), to allow the amendment to be raised after the April 2020 deadline in the scheduling order.[1] Finally, discovery is still open and remains open through the end of February 2021, and no motions have been filed or are pending.  In short, Defendants have shown good cause for seeking leave to amend at this time, and there is no undue delay or prejudice present.

## Conclusion

Defendants' request for leave to file amended answers is **GRANTED**.


**SO ORDERED**.

**s/Mark Falk**_____
**MARK FALK**
**Chief Magistrate Judge**

---

[1] A request to file an amended pleading after a deadline contained in a scheduling order generally implicates Rule 16(b) and requires a showing of "good cause." *See Dimensional Commc'n Inc. v. Oz Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2006).  The Court has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b)." *Thoman v. Philips Med. Sys.,* 2007 WL 203943, at *10  (D.N.J. Jan. 24, 2007) (citing 3 James W. Moore et al., *Moore's Federal Practice* § 16.14[1][b] (3d ed.1997)). As stated, receiving the release in discovery on October 28, and raising amendment with the Court shortly thereafter, constitutes good cause.