<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LATIESE MILLS,**<br><br>　　　　　　　**Plaintiff**,<br><br>　v.<br><br>**ETHICON, INC., et al.,**<br><br>　　　　　　　**Defendants.** | Civil Action No. 2:17-cv-12624 (KM)<br><br><br>OPINION |

<u>**FALK, U.S.M.J.**</u>

　　This matter comes before the Court upon Plaintiff's motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (CM/ECF No. 74.) The motion is opposed. The motion is decided on the papers submitted. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion to transfer is **denied.**

## BACKGROUND

　　This is a product liability action involving a hernia repair mesh device. Plaintiff, Latiese Mills ("Plaintiff") lives in Philadelphia, Pennsylvania. Defendant Atrium Medical Corporation is incorporated under the laws of Delaware. Defendant Maquet

Cardiovascular, LLC is headquartered in Wayne, New Jersey.  (ECF Nos. 34, 45 at ¶ 7.)

On March 27, 2013, Plaintiff was implanted with Defendant's hernia repair mesh device, ProLite, at a Pennsylvania Hospital, in Philadelphia, Pennsylvania.

On November 30, 2017, Plaintiff filed a Complaint in the Superior Court of New Jersey, Bergen County, naming multiple hernia mesh manufacturers as Defendants.

On December 5, 2017, Defendants removed the case to this Court.  Thereafter, pre-answer Rule 12 motion practice and discovery occurred.

On March 4, 2021, Plaintiff took the unusual step of seeking to transfer the case that she filed in New Jersey to another district – that is, the United States District Court for the Eastern District of Pennsylvania.  Plaintiff claims that the judicial and case backlog in New Jersey warrant transfer of the case to a less congested district.

A.  **Motion to Transfer**

Plaintiff moved to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) arguing that transfer is in the interests of justice and contending that changed circumstances -- increased judicial backlog in the District of New Jersey due to the coronavirus ("COVID-19") pandemic -- make the Eastern District of Pennsylvania the most appropriate forum for this matter to proceed.  (Defs.' Br. 6.)

## DISCUSSION

A.  **Transfer Standard Pursuant to § 1404(a)**

Section 1404(a) confers federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice"

and serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The decision to transfer a case under § 1404(a) rests within the sound discretion of a district court. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000). The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses. . . .'" *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The moving party bears the burden of establishing (1) that the proposed transferee forum is one in which the case "might have been brought," and (2) that in the interest of justice, the proposed transferee forum is more convenient for the parties and witnesses. *See CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) (citations omitted). The moving party, however, is not required to show "truly compelling circumstances for . . . change . . . [of venue, but rather, that] all relevant things considered, the case would be better off transferred to another district." *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (citations omitted). The court balances private and public interest factors to determine whether the litigation would more conveniently proceed and the interests of justice would be better served by a transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d. Cir. 1995). The private factors may include: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and

physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. *Jumara*, 55 F.3d at 879.

Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. *Id.* Thus, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Id.*; *see also Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003). The "analysis is flexible and must be made on the unique facts of each case." *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (citations omitted).

**B.     Decision**

There is no basis to transfer this case from Plaintiff's chosen New Jersey forum to the neighboring Eastern District of Pennsylvania. Extensive analysis is simply not required. There has been no showing nor possible argument that the convenience of the parties or the interests of justice would be in any fashion served by transfer – after three years of unproblematic litigation here.

The so-called private interest factors do not require separate consideration because the result is so clear. The transfer being sought is to a district that it is several miles from the District of New Jersey, a ten-minute drive across a cross the Delaware river to

Philadelphia.  The proximity of plaintiff's chosen forum, New Jersey, and their proposed transferee forum, Philadelphia, effectively eliminates any arguments about convenience reflected in the private factors.  At the very most any such arguments are in equipoise.  Nothing said in the papers has persuaded the Court that moving the case would be more convenient or just.

Consideration of the public interest factors is similarly unhelpful to Plaintiff.  Plainly, the one factor that drives this motion is the relative congestion of the dockets in the Eastern District of Pennsylvania versus the District of New Jersey.  Indeed, the docket may be more congested in New Jersey, but that alone is certainly no justification for transfer.  However, the Court has given full consideration Plaintiff's motion—because it is perfectly understandable effort by a Plaintiff to transfer the case to a neighboring district where they believe the case will be reached for trial sooner.  These are unusual times, and the Court cannot fault Plaintiff's motivation.  However, we conclude that, under the current circumstances, the relative docket congestion of two adjacent districts is not a sufficient reason to transfer a case.

Movant cites the backlog in the District of New Jersey due to the Covid pandemic as a reason for transfer.  On that subject, it must be said that the pandemic affects the proposed transferee district as well.  That said, it has been widely reported that the District of New Jersey has been operating in a judicial emergency for some time, in part due to the number of vacancies in district judge positions combined with the number of filings.  However, those issues have persisted for some time and were probably

discernible when Plaintiff chose the New Jersey forum.  In any event, things seem to be slowly improving in our district.   Recently, two judicial vacancies have been filled and more are expected to be filled.  While COVID-related difficulties remain, the Courts are slowly and carefully attempting to get back to normal.  Indeed, in-person jury trials have resumed under special, limited circumstances to ensure the safety of all.  This was not the case when this motion was filed.   Most importantly, the Judges in this district have demonstrated that they are committed to work tirelessly to provide prompt and efficient justice.

In sum, neither the interests of justice nor the convenience of the parties would be served by the transfer of this case.  In addition, transfer of cases on the sole basis of the size of the docket, is not normally permitted and routine requests for same could become problematic for the federal courts.  While no one knows the future, the parties can be assured that the District of New Jersey will do everything in its' power to expedite the case.

## CONCLUSION

In sum, upon consideration of the totality of the circumstances, the Court concludes that the District of New Jersey is the most appropriate forum for litigation of this case. Plaintiff's motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania is **denied**. (CM/ECF No. 74.) A separate Order will be entered.

                                                  s/Mark Falk
                                                  **MARK FALK**
                                                  **United States Magistrate Judge**

**DATED:  August 5, 2021**